UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

WILLIE GAYMON,

                            Plaintiff,

      -against-

THE CITY OF NEW YORK, POLICE OFFICER LIZA
M. DUPONT (Shield no. 16135), POLICE OFFICER
MATTHEW REGINA (Shield no. 18203), JOHN DOES 1-
3 (representing three unidentified police officers),

                            Defendants.

------------------------------------------------------------ X

**ORIGINAL**

**06 0026**

**COMPLAINT**

Jury Trial Demanded

DEARIE, J.

LEVY, M.J.

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The case arises from a September 20, 2005 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, assault and battery, an illegal strip search, and fabricated evidence. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims of false arrest and assault and battery. With respect to these state law claims, a notice of claim was duly filed on the City of New York within 90 days of the incident in question, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claims. Moreover, this action was filed within one year and 90 days of the incident at issue in this lawsuit.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Eastern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the incident in question took place in this district.

## PARTIES

5. Plaintiff is a resident of the State of New York, County of Kings.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Police Officer Liza M. Dupont is a member of the NYPD, 70th Precinct, who violated plaintiff's rights as described herein. Dupont is sued in her individual and official capacity.

8. Police Officer Matthew Regina is a member of the NYPD, 70th Precinct, who violated plaintiff's rights as described herein. Regina is sued in his individual and official capacity.

9. John Does 1-3 are members of the NYPD, 70th Precinct, who violated plaintiff's rights as described herein. John Does 1-3 are sued in their individual and official capacities.

## STATEMENT OF FACTS

10. On September 20, 2005, at approximately 11:30 p.m., in front of 585 East 21st Street, Brooklyn, New York, approximately five police officers of the 70th Precinct, including Police Officers Liza M. Dupont and Matthew Regina, arrested plaintiff without cause and falsely charged plaintiff with possession of marijuana.

11. Plaintiff, however, had not committed this crime or any other. Plaintiff was simply standing in front of a building talking with some friends.

12. In the course of arresting plaintiff, the officers, acting in concert, subjected plaintiff to assault and battery by seizing, searching, and handcuffing plaintiff without authority or consent.

13. After placing plaintiff under arrest, the officers took plaintiff to the 70th Precinct for arrest processing.

14. Plaintiff arrived at the 70th Precinct on September 21, 2005 at approximately 1:00 a.m.

15. At the 70th Precinct, two male officers strip searched plaintiff and forced claimant to squat and cough. This strip search took place in front of other prisoners.

16. The aforesaid strip search was illegal because it was nonprivate and because the officers lacked reasonable suspicion to believe that plaintiff was in possession of drugs, weapons, or contraband.

17. Plaintiff was held in the 70th Precinct until approximately 2:00 a.m.

18. On September 21, 2005, at 2:00 a.m., the officers took plaintiff to Brooklyn Central Booking to await arraignment.

3

19. While plaintiff was awaiting arraignment, the officers who arrested plaintiff met with a Kings County Assistant District Attorney.

20. During the aforesaid meeting, the officers misrepresented that plaintiff had possessed marijuana.

21. The District Attorney's Office filed criminal charges against plaintiff based solely on the officers' misrepresentations.

22. On September 21, 2005, at approximately 8:00 p.m., plaintiff was arraigned in criminal court.

23. At the conclusion of the arraignment, the criminal charge of possession of marijuana filed against plaintiff was adjourned in contemplation of dismissal.

24. As a result of defendants' actions, plaintiff experienced emotional distress, fear, embarrassment, humiliation, shock, discomfort, and loss of liberty for approximately 24 hours.

**FEDERAL AND STATE LAW CLAIMS AGAINST POLICE OFFICER LIZA M. DUPONT, POLICE OFFICER MATTHEW REGINA AND JOHN DOES 1-3**

25. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-24 as if fully set forth herein.

26. The conduct of Officer Liza M. Dupont, Officer Matthew Regina and John Does 1-3, as described herein, amounted to false arrest, assault and battery, an illegal strip search, and fabrication of evidence. This conduct violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

## FEDERAL AND STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK

27.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-26 as if fully set forth herein.

28.     The City of New York directly caused the constitutional violations suffered by plaintiff.

29.     Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian Complaint Review Board, and from the NYPD's own observations, that the individual defendants are unfit, ill-tempered police officers who have the propensity to commit the acts alleged herein.

30.     Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

31.     The aforesaid conduct by the City of New York violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

32.     Moreover, because the individual defendants were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for the false arrest and assault and battery of plaintiff.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Costs, interest and attorney's fees;

    d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    January 4, 2006
                Brooklyn, New York

                                      CARDINALE & MARINELLI
                                      26 Court Street, Suite 1815
                                      Brooklyn, New York 11242
                                      (718) 624-9391

                                      By:

                                      RICHARD J. CARDINALE (RC-8507)